UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

Present: The Honorable **Philip S. Gutierrez**, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers): **Order GRANTING in part and DENYING in part Defendants' motion to dismiss**

Before the Court are Defendants CitiMortgage, Inc. ("CitiMortgage") and Alfredo Alvarez Ramirez's ("Ramirez") motions to dismiss Plaintiff Mimielle Goullate's ("Plaintiff") First Amended Complaint ("FAC"). *See* Dkts. # 53, 57. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

I.   Background

Plaintiff brought this action against CitiMortgage, Ramirez, and CR Title Services Inc., ("CR Title," and, collectively, "Defendants"), relating to a mortgage loan in the amount of $206,500 that Plaintiff took out on her property on January 9, 2008. *See* FAC ¶¶ 1-3, 26. Beginning in early 2009, Plaintiff stopped making payments on her mortgage. *See Compl.*, Ex. C. Consequently, on May 18, 2009, CR Title, on behalf of Defendant CitiMortgage, recorded a Notice of Default. *Id.* When Plaintiff failed to cure her default, two Notices of Trustee's Sale were recorded, on August 21, 2009, and January 14, 2011, respectively. *CitiMortgage Mot.* 1:20-28; *RJN*, Exs. 3-4. The Property was sold at public auction on February 11, 2011, to Federal National Mortgage Association, which subsequently sold the Property to Defendant Ramirez on November 9, 2011. *FAC* ¶ 67; *RJN*, Ex. 5.[1]

---

[1] The Court properly considers the Deed of Trust and Notice of Default because they are attached to Plaintiff's Complaint. *See Compl.*, Exs. 3, 4. The Court may also take judicial notice of the fact that the Notices of Trustee's Sale and Trustee's Deed Upon Sale were recorded on the above dates, as this information is contained in the Official Records of the Riverside County Recorder's Office and is not subject to reasonable dispute. *See RJN*, Exs. 2-3, 5; Fed. R. Evid. 201; *Settle v. World Sav. Bank, F.S.B.*, No. EDCV 11-00800 MMM (DTBx), 2012 WL 1026103, at *3 (C.D. Cal. Jan. 11, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

  On February 7, 2012, Plaintiff filed a complaint stating causes of action for (1) declaratory relief; (2) injunctive relief; (3) violation of California Commercial Code § 9313; (4) contractual breach of the implied covenant of good faith and fair dealing; (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e); (6) violation of California Civil Code § 2932.5; (7) to set aside the Trustee's sale; (8) cancellation or rescission of the Trustee's Deed; (9) quiet title; (10) an accounting; (11) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g); and (12) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*. *See Notice of Removal*, Ex. 1. On July 2, 2012, the Court dismissed all causes of action and granted Plaintiff leave to amend. *See* Dkt. # 36. On September 21, 2012, Plaintiff filed her FAC, in which she brought eleven causes of action, eight of which were not included in her original Complaint. *See* Dkt. # 42. Plaintiff's FAC brings causes of action for (1) breach of implied contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of RESPA; (4) fraud and deceit; (5) conspiracy to commit fraud; (6) violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; (7) violation of the UCL; (8) wrongful foreclosure; (9) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; (10) intentional infliction of emotional distress ("IIED"); and (11) negligent infliction of emotional distress ("NIED"). *See* FAC ¶¶ 76-161. Plaintiff's fourth, fifth, sixth, tenth, and eleventh causes of action are brought against all Defendants while the other causes of action are asserted against CitiMortgage and CR Title only. On October 15, 2012, Ramirez filed a motion to dismiss the claims against him. *See* Dkts. # 47, 53. On October 22, 2012, CitiMortgage filed a motion to dismiss as to all claims. *See* Dkt. # 57.

II. <u>Legal Standard</u>

  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

  In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 278-79. First, the court must accept as true all non-conclusory, factual allegations made in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.* at 678-79.

Additionally, unique to cases with a *pro se* plaintiff, the Court has a duty to liberally interpret the plaintiff's pleadings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). In this case, Plaintiff's FAC was not prepared by counsel, so the Court holds her to "less stringent standards than formal pleadings drafted by lawyers." *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kernter*, 404 U.S. 519, 520 (1972)).

III. <u>Discussion</u>

   A. <u>Breach of Implied Contract & Breach of the Covenant of Good Faith and Fair Dealing–First and Second Causes of Action</u>

Plaintiff's first and second causes of action are for breach of implied contract and breach of the covenant of good faith and fair dealing. *See FAC* ¶¶ 76-94. Plaintiff brings her breach of contract claim for the first time in her FAC. Plaintiff brought her claim for breach of implied covenant in her original complaint, but the Court dismissed the claim because Plaintiff had failed to identify the provisions of the Deed of Trust that imposed the duties that CitiMortgage allegedly breached. *See* Dkt. # 36 at 12.

The elements of a cause of action for breach of contract are (1) the existence of a contract; (2) the plaintiff's performance of the contract or an excuse for nonperformance; (3) defendant's breach of the contract; and (4) resulting damages to the plaintiff. *See Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256 (2011); *Yari v. Producers Guild of Am.*, 161 Cal. App. 4th 172, 182, 73 Cal. Rptr. 3d 803 (2008) (stating that a cause of action for breach of implied contract has the same elements as a cause of action for breach of contract). The cause of action for breach of the implied covenant of good faith and fair dealing exists to prevent one party to the contract from unfairly frustrating the other party's right to receive the benefits of the contract. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349, 100 Cal. Rptr. 2d 352 (2000). In cases such as the present one, in which the claim for breach of the implied covenant is predicated upon the same facts as the claim for contract breach, the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

must allege performance of her duties under the contract or excuse for nonperformance. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369, 108 Cal. Rptr. 3d 682 (2010).

Plaintiff's causes of action for breach of implied contract and breach of the implied covenant fail because she has not alleged facts to show that she performed all of her obligations under the contract, thus failing to satisfy the second element of the claim. The contract at issue is the loan Plaintiff took out on January 9, 2008. *See* FAC ¶¶ 76-94. Plaintiff alleges that she received a loan in the amount of $206,500 and was obligated to repay the loan by February 1, 2038. *FAC* ¶ 26-27. According to the Note Plaintiff executed, Plaintiff was required to make monthly payments in the amount of $1,373.85. *Id.*, Ex. B at 1. Thus, in order to maintain an action for breach of contract or breach of the implied covenant, Plaintiff must allege that she performed all of her obligations under the contract by making monthly payments in the amount of $1,373.85 to the present date or demonstrate that she was excused from doing so. Though Plaintiff makes several vague and conclusory allegations regarding her performance under the contract, Plaintiff fails to adequately allege either that she made the payments as required under the contract or that reason she was excused from doing so. Plaintiff alleges that "Defendants received full payment for the unsecured mortgage loan on [her property]." *FAC* ¶ 5. However, she does not actually allege that she made full payment on the loan. Further, Plaintiff alleges that she "honored the terms of the agreement that she entered into . . . excluding the terms that were unlawful, unjust or predatory" and that she "performed all duties and obligations [she] owed under the terms of the Note and the Deed, except those excused by the breach of Defendants." *FAC* ¶¶ 28, 78.

These allegations are insufficient to satisfy Plaintiff's obligation to allege that she fully performed under the contract. Though the Court must accept as true all well-pleaded allegations of material fact, the Court is "not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). These general allegations in Plaintiff's FAC, especially when viewed in the context of the FAC as a whole, are insufficiently specific to state a claim for breach of contract or breach of the implied covenant. It is well established that mere legal conclusions and the recitation of the elements of a cause of action are not factual allegations that the Court must accept as true. *See Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's allegation that she either performed the duties under the contract or was excused from doing so are mere legal conclusions. Plaintiff does not identify which duties she performed and which she failed to perform, or specify which conduct on the part of Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

excused her duty to perform. Such allegations fail to satisfy federal pleading standards. *See Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Moreover, in the context of contract claims under California law, California courts have consistently held that general allegations like those in Plaintiff's FAC are insufficient. *See, e.g.*, *Melican v. Regents of Univ. of Cal.*, 151 Cal. App. 4th 168, 174, 59 Cal. Rptr. 3d 672 (2007); *Cereau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1390, 272 Cal. Rptr. 387 (1990). In general, specific allegations control general allegations. *See Melican*, 151 Cal. App. 4th at 174; *Cereau*, 222 Cal. App. 3d at 1390; *see also Stowe v. Fritzie Hotels*, 44 Cal. 2d 416, 422 (1955) ("Where there is any inconsistency between the specific allegations upon which a conclusion must be based and the conclusion, the specific allegations control."). In the context of contract claims, this means that if a plaintiff alleges generally that she performed under a contract but specific allegations in the complaint undermine the conclusion that she performed, then the specific allegations will control. *See Cereau*, 222 Cal. App. 3d at 1390. In *Cereau*, for example, the plaintiff had alleged that all conditions "had been met and satisfied" and that "all conditions precedent . . . had either been met and satisfied or waived and excused." *Id.* The court found these allegations insufficient as mere "general conclusions." *Id.*

Here, too, Plaintiff alleges, without providing any details, that she performed her obligations under the contract except for those obligations from which she was excused. Plaintiff alleges that she did not perform those aspects of the agreement from which she was excused and that she did not honor the terms of the contract that were unlawful, unjust, or predatory. Plaintiff's FAC thus alleges both that she performed under the contract and that she failed to do so. The allegation that she was excused from performance and did not perform some of her obligations under the contract undermine the general allegation that she performed under the contract. *See Cereau*, 222 Cal. App. 3d at 1390. Further, Plaintiff fails to identify from which aspects of the agreement she was excused and why. Plaintiff also does not identify which aspects of the contract she honored and which she did not. Moreover, the allegations that she was excused from performance by Defendants' breach are entirely conclusory. In light of allegations that Plaintiff did not perform all of her obligations under the contract, the Court cannot accept Plaintiff's general allegation that she performed under the contract. *See Stowe*, 44 Cal. 2d at 422; *Melican.*, 151 Cal. App. 4th at 174; *Cereau*, 222 Cal. App. 3d at 1390. Accordingly, Plaintiff has failed to allege a vital element of her contract claims—performance or excuse from performance—and her causes of action for breach of contract and breach of the implied covenant are DISMISSED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

B.   RESPA–Third Cause of Action

RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request [("QWR")] from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A).  Plaintiff must allege not only that she sent a proper QWR to which Defendants failed to respond, but also that she is entitled to either actual or statutory damages.   In its order granting CitiMortgage's motion to dismiss Plaintiff's Complaint, the Court concluded that Plaintiff had adequately alleged that she sent a QWR to CitiMortgage but dismissed Plaintiff's RESPA cause of action because she had failed to allege any actual or statutory damages due to CitiMortgage's failure to response to her QWR.  *See* Dkt. # 36 at 9.

In her FAC, Plaintiff alleges that due to CitiMortgage's failure to respond to her QWR, she was unable to defend against the foreclosure on her property, which led to the following damages: loss of property that was stored at the property that was foreclosed upon; unspecified financial loss; lost business; a negative credit rating; and legal fees.  *FAC* ¶ 61.  Plaintiff also alleges that as a result of CitiMortgage's failure, she was denied the right to a loan modification and suffered emotional distress and accompanying physical pain and suffering.  *Id.*  Most courts, including courts in this jurisdiction, limit actual damages under RESPA to pecuniary damages, excluding losses due to costs associated with bringing suit to recover for the RESPA violation. *See, e.g.*, *Armeni v. Am.'s Wholesale Lender*, No. CV 11-8537 CAS (AGRx), 2012 WL 603242, *5 (C.D. Cal. Feb. 24, 2012) (requiring a plaintiff bringing a RESPA claim to allege pecuniary damages); *Javaheri v. JPMorgan Chase Bank, N.A.*, No. CV 10-8185 ODW (FFMx), 2011 WL 97684, at *4 (C.D. Cal. Jan. 11, 2011) (gathering cases holding that to recover actual damages a plaintiff must allege pecuniary loss); *Hawkins v. Homecoming Fin., LLC*, No. CV 09-6544 ODS (OPx), 2010 WL 1710274, at *2 (C.D. Cal. Apr. 26, 2010) (noting that a plaintiff seeking to recover under RESPA must allege pecuniary damages); *Wanger v. EMC Mortg. Corp.*, 103 Cal. App. 4th 1125, 1137, 127 Cal. Rptr. 2d 685 (2002) ("Actual damages may include, but are not limited to, (1) out-of-pocket expenses incurred dealing with the RESPA violation, (2) lost time and inconvenience to the extent it resulted in actual pecuniary loss, and (3) late fees.").  While the Court is persuaded that Plaintiff's allegations of nonpecuniary losses are not "actual damages" under RESPA, the Court is also persuaded that Plaintiff's allegations of lost property, financial loss, and lost business are sufficient to state a cause of action for RESPA, especially given that Plaintiff is proceeding *pro se* and so the Court must liberally construe her pleading. *See Bernhardt*, 339 F.3d at 925.  Moreover, Plaintiff has alleged a plausible causal link between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

the failure to respond to the QWR and the losses. *See* FAC ¶ 61. Accordingly, Plaintiff has stated a claim under RESPA.

  C.  Fraud and Deceit & Conspiracy to Commit Fraud–Fourth & Fifth Causes of Action

  Plaintiff brings her causes of action for fraud and conspiracy to commit fraud for the first time in her FAC. "The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003). A conspiracy to commit fraud is actionable only if fraud is in fact committed, meaning that a plaintiff seeking to bring a cause of action for conspiracy to commit fraud must allege all the elements of fraud in order to maintain the conspiracy cause of action. *See Del E. Webb Corp. v. Structural Materials Co.*, 123 Cal. App. 3d 593, 603 n.4, 176 Cal. Rptr. 824 (1981) ("A conspiracy to commit fraud is not itself a tort and such conduct is not actionable unless a fraud is in fact committed."). Moreover, pursuant to Federal Rule of Civil Procedure 9(b), the facts constituting fraud in any cause of action must be stated with particularity. Fed. R. Civ. P. 9(b). The circumstances of the alleged fraud must be specific enough "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal quotation marks omitted). Fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. *Id.* A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

  Plaintiff has failed to allege the facts constituting fraud with requisite particularity that would permit a defendant to prepare an adequate answer from the allegations. *See Vess*, 317 F.3d at 1105-06; *Moore*, 885 F.2d at 540. Upon review of Plaintiff's FAC, it is not clear to the Court precisely what statements are alleged to have been fraudulent and why. Plaintiff appears to allege that various documents connected to her loan were fraudulent. For example, Plaintiff alleges that the assignment of the Deed of Trust to CitiMortgage was fraudulent. *See* FAC ¶¶ 32-36. Plaintiff also suggests that the Notice of Default and Substitution of Trustee were fraudulent, referring to them as "document[s] that purport[] to be" a Notice of Default and Substitution of Trustee, respectively. *Id.* ¶ 39-41. Plaintiff further alleges that the information contained in the Notice of Default—specifically, the amount owed—was inaccurate. *Id.* ¶¶ 43-45. Finally, Plaintiff refers to some misrepresentations by an individual, Susan Wood ("Wood"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

who Plaintiff alleges claimed to be the Vice President of Trust One. *See id.* ¶¶ 33. The representation at issue appears to be Wood's representation that she would deal with Plaintiff fairly, though Plaintiff provides no indication of when this statement occurred or why it was fraudulent. *See id.*

Based on these allegations, Plaintiff has not pleaded fraud with the requisite particularity. Plaintiff has not identified what statements were purportedly fraudulent, when they occurred, or why they were fraudulent. *See Vess*, 317 F.3d at 1105-06; *Moore*, 885 F.2d at 540. The allegations in Plaintiff's FAC simply do not provide Defendants with adequate notice of the alleged fraud so that they can prepare an adequate answer. *See Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995) ("The purpose of [Rule 9(b)] is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations."); *Moore*, 885 F.2d at 540. Accordingly, Plaintiff's claims for fraud and for conspiracy to commit fraud are DISMISSED.

    D.    <u>RICO–Sixth Cause of Action</u>

Plaintiff brings a cause of action for RICO violations for the first time in her FAC. *FAC* ¶¶ 112-22. To state a RICO claim under 18 U.S.C. §§ 1961-68 Plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010). A "'pattern of racketeering activity' requires at least two acts of racketeering activity." 18. U.S.C. § 1961(5). Moreover, Rule 9(b)'s particularity requirements, discussed above, apply to civil RICO claims grounded in fraud. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). Accordingly, in addition to the ordinary elements of a RICO claim, Plaintiff must also "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* at 1066 (internal quotation marks and citations omitted). If only one of these elements is missing, the claim must be dismissed. *See id.* (affirming the district court's dismissal of a RICO claim when the plaintiff alleged the time and place of the misrepresentations and the individuals involved, but had failed to specify the contents of the allegedly false statements); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (concluding that the plaintiffs had failed to state a fraud-based claim because they had not alleged which defendants made the alleged misrepresentations). In order to comply with Rule 9(b)'s requirements, Plaintiff must plead facts in support of her RICO claim that are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

756, 764 (9th Cir. 2007) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1009 (9th Cir. 2001)).

Plaintiff fails to make adequate allegations to support her fraud-based RICO claim. The majority of the allegations in support of Plaintiff's RICO claim are quotes from the RICO statute itself. *See FAC* ¶¶ 113-19. Such recitation of the applicable law does not constitute facts showing that Plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 678 ("'[A] formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)). Other than a recitation of the requirements of the statute, Plaintiff's only support for her RICO claim is her allegation that Defendants used the terms "captive reinsurance" and "miscellaneous proceeds" in the loan documents as code words by which they engaged in illegal wire transfers and embezzled Plaintiff's monies. *FAC* ¶ 120. These allegations fail to meet Rule 9(b)'s particularity requirements because they fail to identify the parties responsible for the statements or why the statements were fraudulent. *See Sanford*, 625 F.3d at 558; *Edwards*, 356 F.3d at 1066. Plaintiff also fails to make any specific allegations about the alleged wire fraud and embezzlement in which Defendants engaged, but merely includes them as legal buzzwords. Accordingly, Plaintiff's cause of action for RICO is DISMISSED.

E. <u>California Business & Professions Code §§ 17200, et seq.–Seventh Cause of Action</u>

The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute. Cal. Bus. & Prof. Code § 17200; *Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (quoting). An "unlawful" business practice under § 17200 is any business practice that is prohibited by any federal, state, or local law, whether "civil or criminal, statutory or judicially made." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted). A business practice is "unfair" under § 17200 "if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Id.* at 1473. Finally, a "fraudulent" business practice under § 17200 is "one which is likely to deceive the public," and "may be based on representations to the public which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive." *Id.* at 1471.

Plaintiff predicates her UCL claim on CitiMortgage's alleged violations of RESPA, RICO, and TILA, as well as Defendants' alleged fraud. *FAC* ¶¶ 124-134. Because Plaintiff has alleged sufficient facts to state a claim for RESPA, her UCL claim also is adequate. *See Cel-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

*Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999) ("By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that unfair competition law makes independently actionable." (internal quotation marks omitted)); *O'Grady v. Wachovia Bank, N.A.*, No. CV 08-5065 SVW (SSx), 2008 WL 4384282, at *1 (C.D. Cal. Sept. 10, 2008) (noting in the context of a motion to remand that the plaintiff's UCL claim turned on whether she could state a claim for violation of RESPA).

    F.    <u>Wrongful Foreclosure–Eighth Cause of Action</u>

Plaintiff contends that the foreclosure on her home was wrongful pursuant to two sections of the California Code: § 2932.5 and § 2923.5. *See* FAC ¶¶ 136-45. Plaintiff's claim pursuant to § 2932.5 was already dismissed with prejudice. *See* Dkt. # 36 at 11. Accordingly, Plaintiff may not now bring a claim pursuant to § 2932.5.

Plaintiff also contends that Defendants violated § 2923.5, which imposes upon mortgagees, trustees beneficiaries, and authorized agents a duty to wait to file a notice of default until thirty days after (1) contacting a borrower in person or by telephone or (2) satisfying due diligence requirements as described in the statute. *See* Cal. Civ. Code § 2923.5. This claim, however, fails because "the *only* remedy for noncompliance with the statute is the postponement of the foreclosure sale." *Skov v. U.S. Bank Nat'l Ass'n*, 207 Cal. App. 4th 690, 696, 143 Cal. Rptr. 3d 694 (2012) (emphasis added); *see also Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1605, 126 Cal. Rptr. 3d 174 (2011); *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235, 110 Cal. Rptr. 3d 201 (2010). The foreclosure sale on the property occurred on or around February 7, 2011. FAC ¶ 65. Accordingly, § 2923.5 affords Plaintiff no remedy and this claim is DISMISSED.

    G.    <u>TILA–Ninth Cause of Action</u>

In her FAC, Plaintiff for the first time brings a cause of action for violation of TILA. *FAC* ¶¶ 146-52. CitiMortgage seeks dismissal of Plaintiff's TILA claim on the ground that it is time-barred. *CitiMortgage Mot.* 10:20-11:6. Any action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitations period begins "at the time the loan documents were signed," as that is the point at which the signatory is "in full possession of all information relevant to the discovery of a TILA violation." *Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#53/57**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

Plaintiff bases her TILA claim on allegations that Defendants presented her with a loan agreement that contained false and misleading information, failed to accurately disclose the security interest taken to secure the loan, and wrongfully imposed certain finance charges. *FAC* ¶¶ 147-49. The loan at issue was executed on January 9, 2008. *FAC* ¶ 26. Accordingly, the limitations period began to run on or around January 9, 2008 and expired one year later, on January 9, 2009. *See* 15 U.S.C. § 1640(e); *Meyer*, 342 F.3d at 902. Plaintiff did not file her complaint until February 7, 2012, over three years after the statutory period expired. *See Notice of Removal*, Ex. 1. Plaintiff contends in her opposition that CitiMortgage's TILA violations constituted fraud perpetrated against Plaintiff "well after the original loan was signed." *Opp. to CitiMortgage Motion* ("*Opp.*") 14:11-14. However, Plaintiff does not allege any specific facts about the fraud that occurred after the loan was signed and such allegations appear nowhere in her FAC. *See generally Opp*; *FAC*. In the absence of any allegations of TILA violations that occurred at any time other than the date that the loan was executed in January 2008, the Court can only conclude that the statutory period began to run in January 2008 and expired in January 2009, making Plaintiff's claim untimely. *See* 15 U.S.C. § 1640(e); *Meyer*, 342 F.3d at 902. Moreover, Plaintiff does not plead any facts that would permit the Court to conclude that she is entitled to equitable tolling of the statutory period. *See Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006) ("Equitable tolling 'focuses on whether there was excusable delay by the plaintiff' and 'may be applied if, *despite all due diligence*, a plaintiff is unable to obtain vital information bearing on the existence of his claim.'" (emphasis in original) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000)). Accordingly, Plaintiff's TILA claim is time-barred by the TILA statute of limitations and, therefore, the claim is DISMISSED. *See* 15 U.S.C. § 1640(e); *Meyer*, 342 F.3d at 902.

      H.     <u>IIED–Tenth Cause of Action</u>

Plaintiff brings a cause of action for IIED for the first time in her FAC. *See FAC* ¶¶ 154-57. A cause of action for IIED requires a showing of: (1) outrageous conduct, "so extreme as to exceed all bounds of that usually tolerated in a civilized community;" (2) intent to cause or a reckless disregard of the possibility of causing emotional distress; (3) severe emotional distress; and (4) actual and proximate cause of the emotional distress by the outrageous conduct. *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 300, 253 Cal. Rptr. 97 (1988). Here, the allegations in support of this cause of action are entirely conclusory. Plaintiff merely alleges that "Defendants engaged in extreme and outrageous conduct," *FAC* ¶ 154, and that they "intended to cause, or acted with reckless disregard of the probability of causing, emotional distress to Plaintiff," *id.* ¶ 155. These allegations are a mere "formulaic recitation of the elements of a cause of action" for IIED and, as such, are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (quoting

Case 5:12-cv-00391-PSG-SP   Document 76   Filed 02/27/13   Page 12 of 14   Page ID #:1057

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53/57

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

*Twombly*, 550 U.S. at 555). Accordingly, Plaintiff's tenth cause of action for IIED is DISMISSED.

 I. NIED–Eleventh Cause of Action

A cause of action for NIED arises from traditional negligence elements, requiring Plaintiff to demonstrate (1) that Defendant owed her a legal duty; (2) that Defendant breached that duty; (3) that the breach caused Plaintiff injury; and (4) damages. *See Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377, 117 Cal. Rptr. 3d 747 (2010). Plaintiff's allegations in support of her NIED claim are entirely conclusory and fail to allege facts to support any of the elements of the cause of action. *See FAC* ¶¶ 159-61. Plaintiff alleges that "Defendants were negligent in hiring one or more other defendants which caused Plaintiff to suffer physical, emotional and financial damages." *Id.* ¶ 159. Plaintiff also alleges that "Defendant was negligent in protecting Plaintiff from the injuries she sustained as a result of the actions of one or more the of the other defendants." *Id.* ¶ 160.

Plaintiff's allegations do not address any of the elements of a cause of action for negligence: Plaintiff does not allege that Defendant owed her a legal duty, and so she also does not allege that Defendant breached that duty. Furthermore, Plaintiff does not allege how the conduct caused injury to Plaintiff or what damages she suffered. As a result, Plaintiff's NIED claim fails. *See Wong*, 189 Cal. App. 4th at 1377.

 J. Leave to Amend

Plaintiff requests that the Court grant her leave to amend any causes of action that it finds insufficient as currently pleaded. *Opp.* 17:15-25. Generally, the Court should grant leave to amend, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). The Court considers the following factors in determining whether leave to amend is warranted in a particular case: (1) a party's bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended his complaint. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). When a plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to the claims, "[t]he district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted) (edit in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#53/57**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

     Here, Plaintiff has already been given one chance to amend her pleadings. The Court dismissed with leave to amend all causes of action in Plaintiff's original Complaint. *See* Dkt. # 36. In response, Plaintiff filed a FAC, in which she re-alleged several causes of action and added eight new causes of action. *See FAC*. Accordingly, the Court's discretion to deny leave to amend is particularly broad in this case. *See Zucco Partners*, 552 F.3d at 1007. Moreover, the pleadings and motions have been delayed several times. Plaintiff has filed two ex parte applications to extend deadlines, which the Court granted: The Court first granted Plaintiff's ex parte application to extend time to file her FAC and subsequently granted her a 60-day extension on the deadline to file her response to Defendants' motion to dismiss her FAC. *See* Dkts. # 37, 40, 60, 65. Due in part to these extensions, granting Plaintiff leave to amend would mean that she would be permitted to file a third Complaint more than a year after her original Complaint was filed. In light of these circumstances, the Court finds it appropriate to deny leave to amend. *See Zucco Partners*, 552 F.3d at 1007; *Sisseton-Wahpeton*, 90 F.3d at 355. Accordingly, Plaintiff may proceed on the claims that are sufficiently pleaded in the FAC, but may not amend the causes of action that the Court has found deficient or allege any new causes of action.

     K.    <u>Defendant Ramirez</u>

     Plaintiff brings five causes of action against Defendant Ramirez: the fourth cause of action for fraud and deceit; the fifth cause of action for conspiracy to commit fraud; the sixth cause of action for RICO violations; the tenth cause of action for IIED; and the eleventh cause of action for NIED. *See FAC*. Because the Court has concluded that Plaintiff has failed to state a claim on any of these causes of action and has declined to grant Plaintiff leave to amend, the action against Defendant Ramirez is DISMISSED WITH PREJUDICE.

IV.    <u>Conclusion</u>

     For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motions to dismiss.

- Plaintiff's first cause of action is DISMISSED WITH PREJUDICE;

- Plaintiff's second cause of action is DISMISSED WITH PREJUDICE;

- Plaintiff's fourth cause of action for fraud is DISMISSED WITH PREJUDICE;

- Plaintiff's fifth cause of action for conspiracy to commit fraud is DISMISSED WITH PREJUDICE;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#53/57**

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | February 27, 2013 |
|---|---|---|---|
| Title | *Mimielle Goulatte v. CitiMortgage, Inc., et al.* | | |

- Plaintiff's sixth cause of action for violation of RICO is DISMISSED WITH PREJUDICE;

- Plaintiff's eighth cause of action for wrongful foreclosure is DISMISSED WITH PREJUDICE;

- Plaintiff's ninth cause of action for violation of TILA is DISMISSED WITH PREJUDICE;

- Plaintiff's tenth cause of action for IIED is DISMISSED WITH PREJUDICE; and

- Plaintiff's eleventh cause of action for NIED is DISMISSED WITH PREJUDICE.

Plaintiff may proceed on her third cause of action for violation of RESPA and her seventh cause of action for violation of the UCL.

Because all the claims against Defendant Ramirez have been dismissed with prejudice, the action is DISMISSED WITH PREJUDICE as to Ramirez.

**IT IS SO ORDERED.**