

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Mimielle Goulatte v. CitiMortgage, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) Order GRANTING IN PART and DENYING IN PART Plaintiff's Motion for Accommodations**

Before the Court is Plaintiff's motion for disability accommodations. Dkt. # 130. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS the motion IN PART and DENIES the motion IN PART.

On February 7, 2012 *pro se* Plaintiff Mimielle Goulatte ("Plaintiff") brought this case in state court against Defendants CitiMortgage, Inc. ("CitiMortgage"), CR Title Services, Inc. ("CR Title"), and Alfredo Alvarez Ramirez ("Ramirez") (collectively, "Defendants"), asserting claims related to CitiMortgage's foreclosure on her property. Dkt. # 1. This case was removed to federal court on March 15, 2013. *Id.*

On July 2, 2012, the Court dismissed the Complaint for failure to state a claim, and granted Plaintiff leave to amend. Dkt. # 36. Plaintiff filed a First Amended Complaint ("FAC") on September 21, 2012. Dkt. # 42. On February 27, 2013, the Court dismissed all claims against CitiMortgage with prejudice, with the exceptions of Plaintiff's claims under RESPA, 12 U.S.C. § 2605, and California Business and Professions Code §§ 17200, *et seq.* Dkt. # 76. The Court dismissed all claims against Ramirez, with prejudice. *Id.* The Court dismissed all claims against CR Title on September 24, 2013, with prejudice. Dkt. # 129.

Plaintiff has severe learning disabilities, and is being treated for diabetes, chronic stress disorder, tachycardia, anxiety, and depression. *See Mot.* 7:14-7:18; *July 18, 2012 Goulatte Decl.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Mimielle Goulatte v. CitiMortgage, Inc., *et al.* | | |

¶ 2; *Nov. 15, 2012 Goulatte Decl.* ¶¶ 2-3.  Plaintiff now moves for certain disability accommodations related to her learning disabilities:  (1) a 30 to 60 day extension of all deadlines; (2) a 30 to 60 day extension of time to respond to all motions; (3) permission to file documents online or in Riverside County; (4) an order directing all parties to speak slowly during formal proceedings; (5) permission to have a disability advocate assist her with the organization of documents at hearings and at trial; and (6) permission to appear by Court Call "when necessary." *See Mot.* 19:11-20:26.

Plaintiff requests accommodations pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. *See Mot.* 14:9-16:19.  Neither statute appears to apply here.  Several courts have found that the ADA does not apply to the federal government. *See, e.g., Mary Jo. C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 170 n.11 (2d Cir. 2013) ("Title II of the ADA is not applicable to the federal government[.]") (citation and internal quotation marks omitted); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA").  Similarly, the Rehabilitation Act does not apply to the federal courts:  it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding. *See* 29 U.S.C. § 794(a).  Those programs and activities do not include the courts. *See* 29 U.S.C. § 794(b).

CitiMortgage also contends that Plaintiff has been able to litigate her case effectively so far, and, citing *Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986), argues that Plaintiff should not be granted special treatment merely because she is representing herself. *See Opp.* 3:1-3:15, 3:24-4:14.  The Court is not persuaded on either point.  Plaintiff has been able to litigate her case to date, but as CitiMortgage notes, the Court has repeatedly granted her requests for accommodations.  The Court also disagrees that reasonable disability accommodations are in any way analogous to the treatment described in *Jacobsen*, where the plaintiff argued that the district court should have given him advice about how to oppose a motion for summary judgment. *See Jacobsen*, 790 F.2d at 1364.

In the event the Court grants Plaintiff's motion, CitiMortgage asks the Court to continue the current April 15, 2014 trial date so that it will not be prejudiced by any deadline extensions. *See Opp.* 4:15-5:4.  Plaintiff consents to a continuance of the trial date. *See Reply* 5:9-5:16.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | January 3, 2014 |
|----------|------------------------|------|-----------------|
| Title | Mimielle Goulatte v. CitiMortgage, Inc., *et al.* | | |

Leaving aside the applicability of the ADA and the Rehabilitation Act, the Court has previously granted Plaintiff certain accommodations through an exercise of its inherent power to manage this case. *See* Dkts. # 40, 64. The Court will grant further accommodations to the extent they are reasonable and related to Plaintiff's disability. The Court addresses each of Plaintiff's requests in turn.

### 1.    Discovery and Motion Deadlines

Having considered Plaintiff's request to extend the deadlines set by the Federal Rules of Civil Procedure and the Local Rules, the Court extends the schedule as follows:

Fact discovery cut-off: February 11, 2014

Opening expert witness disclosure: February 18, 2014

Last day to file motions: February 25, 2014

Rebuttal expert witness disclosure: March 18, 2014

Expert discovery cut-off: April 8, 2014

Final pretrial conference: June 9, 2014

Start of trial: June 24, 2014

**The deadlines above apply to both parties.**

### 2.    Motion Schedule

Plaintiff is granted a 35 day extension of time to oppose any motions filed by CitiMortgage. Plaintiff is also granted a 14 day extension of time to file any reply briefs responding to opposition briefs filed by CitiMortgage. **These extensions of time do not apply to discovery motions**. Requests to alter the schedule for discovery motions should be addressed to the magistrate judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | January 3, 2014 |
| --- | --- | --- | --- |
| Title | Mimielle Goulatte v. CitiMortgage, Inc., *et al.* | | |

**These extensions of time do not apply to any motions filed by Defendants other than CitiMortgage.** At this time, CitiMortgage is the only Defendant before the Court. If any other Defendants become involved in this case, Plaintiff may request accommodations with respect to those Defendants at that time.

3.   Document Filing

Plaintiff's request to file documents online or in Riverside County is denied. Plaintiff states that traveling to this Court to file documents is a hardship, but has not explained how that hardship relates to her disability, as opposed to the fact that she lives in Riverside County.

However, Plaintiff may file documents by mailing them to the Courtroom Deputy at:

Wendy Hernandez
Courtroom Deputy
255 E. Temple Street, Suite 181-L
Los Angeles, CA 90012

4.   Conduct of Hearings and Trial

The Court will direct all parties to speak slowly during hearings and trial.

5.   Disability Advocate

Plaintiff's request for permission to have a disability advocate assist her during hearings and at trial is denied without prejudice, because it is not clear how Plaintiff's need for such an assistant is related to her disability. The Court notes that if this case proceeds to trial, the Court will appoint a *pro bono* attorney, as Plaintiff has requested. *See Reply* 6:4-6:9.

Plaintiff may re-file her request for permission to have a disability advocate assist her at hearings and at trial, if she explains how her need for an assistant is related to her disability. If Plaintiff files such a request, Plaintiff must identify a specific individual as her proposed assistant, and must include a declaration from the proposed assistant, made under penalty of perjury, that includes: (1) his/her name and contact information; (2) a description of his/her relationship with Plaintiff; (3) a description of his/her availability to assist Plaintiff until this case ends; (4) a statement that he/she commits to assist Plaintiff at hearings and at trial until this

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-391 PSG (SPx) | Date | January 3, 2014 |
|---|---|---|---|
| Title | Mimielle Goulatte v. CitiMortgage, Inc., *et al.* | | |

case ends, or until he/she is relieved by the Court; (5) a summary of his/her experience or qualifications in assisting Plaintiff and/or other disabled litigants; and (6) whether he/she is an attorney or law school student. The proposed assistant must also state (7) whether he/she is being paid for his/her services (by Plaintiff or otherwise). The Court requires this information to determine whether Plaintiff's proposed assistant can meaningfully assist Plaintiff; to confirm that the progress of this case will not by impeded by the proposed assistant's unavailability or unwillingness to assist as this case moves forward; and to confirm that the assistant is not Plaintiff's *de facto* lawyer, or a non-lawyer engaging in the unauthorized practice of law.

6. <u>Court Call</u>

Plaintiff's request to appear telephonically "when necessary" is denied. Plaintiff has not explained how any hardship she might suffer in the course of traveling to the Court to appear in person relates to her disability, as opposed to the fact that she lives in Riverside County. The Court also believes that it will be easier for Plaintiff to understand and follow any proceedings if she is physically present at hearings.

**IT IS SO ORDERED.**